**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donte Clarke, | No. CV-21-01376-PHX-DWL (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Cuevas, et al., | |
| Defendants. | |

On August 9, 2021, Plaintiff Donte Clarke, who is confined in Eyman-ASPC- Cook Unit in Florence, Arizona, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). In the Court's September 14, 2021 Screening Order, the Court allowed Plaintiff 120 days in which to discover the actual name of Defendant Doe and to substitute the Defendant's actual name by filing a Notice of Substitution. (Doc. 10 at 5). The Court informed Plaintiff that Defendant Doe may be dismissed without prejudice if Plaintiff fails to timely file a Notice of Substitution. (*Id.*).

On March 18, 2022, the Court extended the time for Plaintiff to file a Notice of Substitution to May 16, 2022. (Doc. 16). No Notice of Substitution was timely filed. On July 26, 2022, the Court ordered that the Plaintiff show cause no later than August 8, 2022 why the Court should not dismiss without prejudice Defendant Doe for Plaintiff's failure to timely file a Notice of Substitution.

On August 4, 2022, Plaintiff filed a Notice to the Court Regarding John Doe Remaining Unserved Defendant (Doc. 64) in which Plaintiff explained that he has been

unable to ascertain Defendant John Doe's name. Plaintiff suggests additional discovery methods to attempt to ascertain Defendant Doe's name, including obtaining staff logs for the day and time of the incident or reviewing photos of staff on duty in a manner supervised by defense counsel (*Id.* at 4). Plaintiff filed a Notice to Court on May 13, 2022, stating that Plaintiff and defense counsel met telephonically to discuss "general issues" and listing discovery Plaintiff intended to request of Defendants by motion (Doc. 52). Plaintiff indicated that the "[p]arties agreed that Plaintiff would submit additional discovery request by way of motion." (*Id.*) No motion was filed.

The Notice to Court (Doc. 52) evidences Plaintiff's intent that Defendant answer the five interrogatories listed and produce the information requested. The Notice to Court was filed prior to the close of discovery. Liberally construed, Plaintiff has served interrogatories on the Defendants. If Defendants have not provided responses to the listed questions, counsel shall do so within 20 days of the filing of this Order. Plaintiff shall file a Notice of Service of Discovery as required by the Federal Rules of Civil Procedure within 10 days of the filing of this Order. Pursuant to Fed. R. Civ. P. 5 (d) (1) (A), Plaintiff shall **not** file discovery requests or responses with the Court unless and until they are used in the proceeding. "Notices" to the Court are not motions, nor is a "notice" the appropriate mechanism for serving discovery requests on opposing counsel. Discovery requests are served on the opposing party through the party's counsel, not this Court. *See* Fed. R. Civ. P. 5 (a)(1)(C).

For the reasons set forth herein,

**IT IS ORDERED** quashing the Order to show cause (Doc. 63). The Court extends the deadline for filing a Notice of Substitution indicating the actual name of Defendant Doe to 60 days from the filing of this Order.

**IT IS FURTHER ORDERED** that Defendants shall respond to Plaintiff's interrogatories set forth in Plaintiff's Notice to the Court (Doc. 52) within 20 days of the filing of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall file with the Court a Notice of

Service regarding the interrogatories set forth in the Notice to the Court (Doc. 52) in accordance with the Federal Rules of Civil Procedure within 10 days of the filing of this Order. Plaintiff shall serve all future discovery on the opposing party through counsel in accordance with the Federal Rules of Civil Procedure.

Dated this 19th day of August, 2022.

Honorable Eileen S. Willett
United States Magistrate Judge